## CITY OF CORAL SPRINGS v. BROWARD COUNTY AIR AND WATER POLLUTION CONTROL BOARD, et al.

No. 73-8109.

Circuit Court, Broward County.

July 6, 1973.

198

Paul J. McDonough, Coral Springs, for the plaintiff.

Michael Fitzgerald and Joseph M. Fitzgerald, both of Miami, for the defendants.

GENE FISCHER, Circuit Judge.

The city of Coral Springs seeks a declaratory judgment and a mandatory injunction, both preliminary and permanent, against the pollution control board and the pollution control officer of Broward County. The city's complaint contains two counts. The first count alleges that regulation 73-3 of the board is void in that it conflicts with the enabling act of the board. The second count alleges that regulation 73-2 is unconstitutional in that it denies equal protection to the city. This court entered a temporary injunction against both the board and the pollution control officer enjoining them from enforcing the provisions of either the notice of violation and stop order of June 14, 1973, or the amended notice of violation and stop order of June 25, 1973, pending a hearing as to whether the preliminary injunction should continue or be dissolved.

The Broward County Pollution Control Board, hereinafter referred to as the "board", was created by Chapter 65-1338, Laws of Florida, Special Acts of 1965, as amended. In creating the board, the legislature intended to provide and maintain for the citizens and visitors of Broward County standards which would insure the purity of all waters consistent with public health and public enjoyment thereof. The board was empowered to adopt regulations reasonably necessary for the implementation and effective enforcement, administration, and interpretation of the provisions of the enabling act and to provide for the effective and continuing control and regulation of water pollution in the county within the framework of the act. Further, the board was empowered to adopt as its own regulations the rules of the Florida Department of Pollution Control, hereinafter referred to as the "department", except for certain enumerated rules which are not here at issue.

On May 2, 1973 the board adopted regulation 73-2. That regulation provided that the board adopted as its own regulations certain rules of the department, including rule 17-3, "Pollution of Waters," which appears in the Florida Administrative Code. That rule provides that sewage treatment plants must provide 90% treatment by January 1, 1973. That rule was established by the department under provisions of Chapter 403, Florida Statutes, which require sewage treatment plants to provide secondary treatment by January 1, 1973.

Further, the board on May 2, 1973, adopted regulation 73-3 which provides that any sewage treatment plant not meeting the required level of treatment cannot connect any new sources of

contaminated effluent and should be ordered not to do so by the pollution control officer.

The board of county commissioners of Broward County adopted a resolution on September 5, 1972, requiring the board to review all construction plans which would require connections to existing sewage treatment plants. If the connection would be detrimental to the public health, safety, or welfare, those plans must be disapproved.

The city of Coral Springs is the owner and operator of a sewage treatment plant in Broward County. That plant discharges its effluent into a series of canals. The water from those canals is used to water the grass of a public golf course situated in the city. That golf course is not fenced and could be used as a playground for children. In fact, the city engineer testified that the effluent discharged into the canals could percolate through the ground and could possibly contaminate drinking water.

Pursuant to its statutory authority the board has embarked on a program of testing the sewage treatment plants in the county to determine whether or not those plants are providing the required level of treatment. The Coral Springs plant had been tested several times during this year and the results indicated that indeed the plant was not meeting the required level of treatment. In fact, the city engineer testified that on occasions the amount of sewage entering the plant far exceeded the designed capacity of the plant. The evidence presented established that at best the plant could be considered marginal.

Based upon the results of the board's tests, the pollution control officer issued a notice of violation and stop order to the city. That notice cited the test results, and regulations 73-2 and 73-3 of the board, and ordered the city not to connect or install any new sources of contaminated effluent to its plant and to provide to the board within a certain specified period of time a schedule of when the plant would meet compliance. Several days thereafter, the pollution control officer issued an amended notice of violation and stop order to the city. That amended notice was exactly the same as the original except that it included a citation to the resolution of the county commission, and ordered the city not to issue any building permits that would cause or contribute to the generation of sewage effluent unless the permits had been reviewed and approved by the board.

The city sought to appeal the notice and order to the board pursuant to the procedures for such embodied in the enabling act of the board. Unfortunately, a quorum of the members was not available at the scheduled appeals meeting and this action was brought.

It was agreed between the parties at the hearing that the city had exhausted its administrative remedies provided under the enabling act of the board and that the city derives one-third of its revenue from the issuance of building permits.

We shall first examine the allegations contained in count II of the complaint for if that regulation which provides that sewage treatment plants must meet the standards of 90% removal is unconstitutional, then both the notice of violation and the amended notice of violation are unenforceable. The city contends that the regulation discriminates against sewage treatment plants which have contaminated influent with less parts per million as compared to those plants with contaminated influent with greater parts per million, thus effectively denying the city equal protection of the laws.

It is a general rule of law that a statute, or a regulation adopted by an administrative agency pursuant to its enabling act, is presumptively constitutional. This presumption can be overcome but the burden of proving that unconstitutionality is great and lies squarely with the person asserting that it is unconstitutional. It has been held that the proof must be beyond all reasonable doubt and all doubts must be resolved in favor of the statute or rule. In the instant case, the city had the burden of overcoming that presumption and proving the unconstitutionality of that regulation and the city has been unable to do so. Consequently, it is the finding of this court that the regulation providing that sewage treatment plants must provide 90% treatment is a fair, reasonable, and constitutional regulation.

Turning now to count I, we find that the city alleges that regulation 73-3 exceeds the statutory authority of the board, particularly section 9 of the enabling act. That section provides that whenever the pollution control officer determines that a regulation of the board has been violated he shall issue a notice to correct the violation or a citation to cease the violation and give a reasonable time, commensurate with the circumstances, within which the violation shall be rectified or stopped — if not stopped within the time stated, the pollution control officer may issue an order prohibiting operation of the facility, institute judicial action to compel compliance, or institute proceedings to prosecute the violator.

It is the finding of this court that regulation 73-3 does not violate the provisions of the board's enabling act. The notice of violation issued on June 14, 1973, does notify the city that it is violating a regulation of the board and does give a reasonable time within which to comply. Regulation 73-3 is a reasonable regulation necessary for the implementation and effective enforcement of the

enabling act. In fact, this court would find it unreasonable to permit new hook-ups to a sewage treatment plant which cannot now provide the necessary level of treatment.

The amended notice of June 25, 1973, is a reasonable and valid order. The county commission ordered the board to review all construction permits and not to approve said permits if their connection to an existing wastewater treatment plant would be detrimental to the public health, safety or welfare. Accordingly, the city should not issue any building permits unless those permits have been reviewed and approved by the pollution control officer. Further, the pollution control officer would be remiss in his duty if he approved any building permits which would connect any additional sources of waste into the marginal plant owned and operated by the city of Coral Springs.

It is ordered and adjudged that the preliminary injunction issued in this cause on the 28th day of June, 1973, is hereby dissolved.

It is further ordered and adjudged that the city of Coral Springs shall comply with all the provisions embodied in the amended notice of violation and stop order issued to the city by the pollution control board on June 25, 1973.